UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LATISHA NICOLE TOLBERT,

                                           Plaintiff,

v.                                                                      5:22-CV-19 (DNH/ATB)

SGT. CAZZOLLI Police Officer, et al.

                                           Defendants.

LATISHA NICOLE TOLBERT, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk sent to the court for review a civil rights complaint, together with a motion to proceed in forma pauperis ("IFP"), filed by plaintiff Latisha Nicole Tolbert. (Dkt. Nos. 1, 2). The court has reviewed the plaintiff's IFP application and finds that plaintiff has demonstrated sufficient economic need. Therefore, plaintiff has met the financial criteria for proceeding IFP.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S.

319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II. Complaint

In her complaint,[1] plaintiff alleges that on June 26, 2020, she was arrested without a warrant by defendants Syracuse Police Sergeant Cazzolli and Officers Irvine

---

[1] Plaintiff has included a brief recitation of the facts in the beginning of the complaint and then includes further elaboration of the facts later in the complaint. (Compl. CM/ECF pp.7-10). Plaintiff has utilized a standard civil rights complaint form, but has included several additional handwritten pages in between the form-pages. Thus, the court will cite to the pages that have been assigned by the court's electronic filing system (CM/ECF).

and Picotte. (Complaint ("Compl." ¶ 4 (Facts), CM/ECF pp.2, 7).  Plaintiff alleges that the officers came to the "women's shelter" at the Salvation Army in Syracuse, New York, arrested plaintiff and placed her and her son in separate police cars. (*Id.*) Plaintiff claims that she was falsely arrested and searched in violation of the Fourth Amendment. (*Id.*)  Plaintiff also claims that "they" took her son from her as well as her "personal property being [her] name, social security #, address, etc. [without] a warrant for public use," without "just compensation." (*Id.*)  Plaintiff states that she was charged with multiple sex offenses against children, and she was "stripped" of her son without a court order or "due process." (*Id.* at CM/ECF p.7).

Plaintiff alleges that her defense lawyer, defendant Tylnn Bozeman, "made" her stay in jail for over one year without filing any motions on her behalf and was "negligent" in giving her effective assistance of counsel. (Compl. ¶ 4, CM/ECF pp.4, 8-9).  As discussed further below, plaintiff claims that Syracuse City Court Judge Cecile and Onondaga County Court Judge Cuffy failed to protect plaintiff's Fourth and Fourteenth Amendment rights to "Due Process." (*Id.* ¶ 4, CM/ECF pp.8-10). Plaintiff has also named Assistant District Attorney Jarrell A. Woodfork, claiming that he engaged in "prosecutorial misconduct." (*Id.* ¶ 4, CM/ECF p.9).  Plaintiff claims that she was also "denied 'Diversity of Citizenship' by Admiralty and Maritime Jurisdiction by the defendants herein . . . ." (*Id.* CM/ECF p.4-5).  Plaintiff cites various statutes in support of this claim.² (*Id.* at CM/ECF p.5).

---

² Plaintiff has included a citation to 40 U.S.C. § 1314, which is entitled "Easements" and governs situations in which a state asks for an easement over property owned by the United States government.  One of the subsections states that in granting the easement, the "executive agency concerned may relinquish to the State in which the real property is located legislative jurisdiction that

### III. Judicial and Prosecutorial Immunity

**A.     Legal Standards**

**1.     Judicial**

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

Injunctive relief against judges is also barred "unless a declaratory decree was violated or declaratory relief was unavailable." *Bobrowski v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (citing inter alia *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam)). Although fairness and injustice may result on occasion, a judicial officer must be free to act on his or her own convictions in

---

the executive agency considers necessary or desirable." 40 U.S.C. § 1314(c). It is unclear how plaintiff believes that this section applies to her claims, and the complaint does not elaborate, other than to say that somehow the "easements" deprive her of diversity of citizenship. (Compl. ¶ 4, CM/ECF p.5).

4

exercising the authority vested in him or her, "without apprehension of personal consequences. . . ." *Id.* (citing inter alia *Mireles*, 502 U.S. at 10).

Whether an act by a judge is a "judicial one" relates to the "nature of the act itself" - whether it is a function that is necessarily performed by a judge. *Id.* (citing *Stump v. Sparkman*, 436 U.S. 349, 362 (1978)). The parties must have dealt with the judge in his or her "judicial capacity." *Id.* The court acts in "absence of all jurisdiction" when "it does not have any statutory or constitutional power to adjudicate the case." *Id.* (citing *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009)). The judge will not be deprived of absolute immunity if he or she takes action that is merely "in excess" of his or her authority. *Id.* (citing *Mireles*, 502 U.S. at 12-13).

### 2. Prosecutorial

Prosecutors enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality,

5

is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

**B.     Analysis**

**1.     Judges Cecile and Cuffy**

In this action, plaintiff has sued two judges, Judge Cecile and Judge Gordon Cuffy. It is unclear to which Judge Cecile she is referring. Plaintiff states that she is suing a Syracuse City Court Judge Cecile, who allegedly arraigned plaintiff on her criminal charges. However, she refers to the judge as "she." The Syracuse City Court Judge is James Cecile, who happens to be married to Family Court Judge Julie Cecile. Plaintiff never includes a first name for Judge Cecile in any of her papers, and there is no listing of the arraigning judge in any of plaintiff's exhibits which are attached to the complaint.

In any event, plaintiff only alleges that Judge Cecile arraigned plaintiff on the criminal charges and had no other contact with plaintiff. Plaintiff alleges that Judge Cecile violated her rights by remanding her to the Onondaga Justice Center after arraignment, even though plaintiff was allegedly "innocent," and had been illegally arrested and detained in violation of her constitutional rights. These acts were taken in the judge's judicial capacity, and the arraigning judge would be entitled to absolute immunity for any conduct in that capacity.

The same is true for Judge Cuffy. Plaintiff claims that she appeared before Judge

Cuffy on her criminal charges, and that she took a plea in open court. (Compl. at CM/ECF p.10). Plaintiff claims that Judge Cuffy violated plaintiff's rights because she was arrested without a warrant, her "information was taken from her, but the judge failed to suppress the information and denied her a suppression hearing. Plaintiff's only contact with Judge Cuffy was in connection with plaintiff's criminal charges, and he is entitled to absolute immunity on that basis.

Thus, plaintiff's complaint may be dismissed in its entirety with prejudice as against both judges based on absolute immunity.

### 2. ADA Woodcock

Plaintiff alleges that ADA Woodcock is a "crook" and a "criminal too" because he knows that plaintiff's Fourth Amendment rights were violated, her private property was "stolen, searched and seized" by the police and that she was in jail for over one year on a felony without an indictment. (Compl. at CM/ECF p.9). Plaintiff claims that ADA Woodcock is "contributory [sic] negligent by prosecutorial misconduct" because the statute of limitations ran out.

The only conduct that plaintiff alleges against defendant Woodcock is in connection with his prosecution of the plaintiff. His decision to continue to prosecute her, notwithstanding her claims of innocence or any other misconduct related to the prosecution does not deprive ADA Woodcock of absolute immunity. As stated above, even the decision whether to prosecute *regardless of the motivation for that decision*, is protected by absolute immunity. *Scloss v. Bouse*, 876 F.2d at 292. There is no allegation in the complaint that the prosecutor was engaging in "investigative"

7

functions. Thus, plaintiff's complaint may be dismissed in its entirety with prejudice as against defendant Woodcock.

## IV. Defendant Bozeman

### A. Legal Standards

It is well settled that an attorney performing the traditional functions of defense counsel is not acting under color of state law, which is an essential element of a Section 1983 claim. *McKiver v. City of New York*, No. 17 Civ. 4411, 2018 WL 3628840, at *4 (S.D.N.Y. July 23, 2018) (citing inter alia *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). *See also Grant v. Seidler*, No. 19-CV-5323, 2019 WL 5807122, at *4 (S.D.N.Y. Nov. 5, 2019) (defense counsel does not act under color of state law).

### B. Analysis

Plaintiff is suing his defense attorney because she was allegedly "ineffective," did not make any motions on plaintiff's behalf, and let plaintiff be detained in jail for over 17 months "without an indictment." (Compl. at CM/ECF p.8). Plaintiff claims that counsel did not visit plaintiff in jail, and she was rushed and "forced into taking a plea agreement" after plaintiff's pastor filed a state court petition for writ of habeas corpus on her behalf. (Compl. at CM/ECF p.9). However, regardless of defense counsel's competence, plaintiff may not bring an action for damages against her using section 1983 because counsel does not act under color of state law for purposes of the statute, and plaintiff's complaint may be dismissed in its entirety with prejudice as against defendant Bozeman.

## V. *Heck v. Humphrey*

### A. Legal Standards

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction, unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

### B. Analysis

If plaintiff were attempting to challenge her criminal conviction,[3] any claims in which a favorable result would call into question that conviction would be barred by *Heck*. However, Fourth Amendment false arrest claims may not be barred under *Heck* because plaintiff could have been falsely arrested, and "still have a perfectly valid conviction." *Glaskow v. Beary*, 2 F. Supp. 3d 419, 427 (E.D.N.Y. 2014) (citing inter alia *Fifield v. Barrancotta*, 353 Fed. App'x 479, 480-81 (2d Cir.2009) ("Fourth Amendment claims for unlawful arrest . . . do not ordinarily fall within the *Heck* rule, since a finding for the plaintiff would not necessarily demonstrate the invalidity of any outstanding criminal judgment against the plaintiff.")). This is true unless the evidence underlying the conviction was the fruit of the allegedly unlawful actions. *Fifield*, 353 F. App'x at 481.

---

[3] Plaintiff stated in her complaint that she pled guilty to various charges in November of 2020 and was due to be sentenced on January 27, 2022. (Compl. at CM/ECF p.9). Thus, at this time, it appears that plaintiff has been convicted of some charges relating to the arrest in question herein.

In this case, the court has examined plaintiff's complaint and the documents that plaintiff has attached to the complaint. Even though plaintiff is claiming that she was not afforded a "suppression" hearing, she does not claim that the conviction was based on evidence obtained as a result of her allegedly false arrest.[4] Assuming, without deciding that plaintiff's false arrest claim would not be barred by *Heck*, she fails to state a claim for false arrest on the merits.

## VI. False Arrest

### A. Legal Standards

A section 1983 claim for false arrest is essentially the same as a claim for false arrest under New York law. *Weyant v. Okst* 101 F.3d 845, 852 (2d Cir. 1996). The New York State standard for false arrest requires that: "'(1) the defendants intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" *Sethi v. Nassau County*, No. 11-CV-6380, 2014 WL 2526620, at *3 (E.D.N.Y. June 3, 2014) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003)).

"Under both federal and New York state law, probable cause is a complete defense to a false arrest claim." *Triolo v. Nassau County*, No. 19-4107-CV, __ F.4th __,

---

[4] As stated above, plaintiff claims that the officers subjected her to an unconstitutional search and seizure. Plaintiff states that the defendants took her son without a court order, and took her name, social security number, and address without a warrant. It is unclear when the officers obtained all of this information. These questions are often referred to as "pedigree questions," and under New York law, these questions, although constituting custodial interrogation of a suspect in custody, are an exception to the requirement for *Miranda* warnings. *See People v. Wortham*, No. 63, 2021 WL 5451365, at *2 (NY Nov. 23, 2021). However, plaintiff does not claim that the conviction was the result of any of this information.

10

2022 WL 186567, at *4 (2d Cir. Jan. 21, 2022) (citing *Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016) ("The existence of probable cause to arrest – even for a crime other than the one identified by the arresting officer – will defeat a claim of false arrest under the Fourth Amendment."); *De Lourdes Torres v. Jones*, 26 N.Y.3d 742, 759 (2016) ("For purposes of the privilege element of a false arrest and imprisonment claim, an act of confinement is privileged if it stems from a lawful arrest supported by probable cause.")).

Probable cause is determined by considering the totality of the circumstances. *Id.* (citing *Jenkins v. City of New York*, 478 F.3d 76, 90 (2d Cir. 2007)). "Law enforcement officers have probable cause to arrest 'when they have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Id.* (quoting *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (internal quotation marks omitted)). More specifically, "'[a]n arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the [alleged] victim's veracity.'" *Id.* (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)).

**B.  Analysis**

In addition to the three police officers, plaintiff has named the Syracuse Police Department as a defendant. Under New York law, "departments that are merely administrative arms of a municipality do not have a legal identity separate and apart

11

from the municipality and, therefore, cannot be sued." *Harris v. Nassau County*, No. 13-CV-4728, 2016 WL 3023265, at *12 (E.D.N.Y. May 24, 2016) ("holding that because the Nassau County Police Department is an administrative arm of the municipality of Nassau County, any claims against it must be dismissed"). Thus, the complaint may be dismissed in its entirety with prejudice as against the Syracuse Police Department.[5]

Plaintiff appears to believe that the lack of a warrant establishes false arrest. However, as stated above, the lack of probable cause establishes a false arrest. The Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) (citing *Adams v. Williams*, 407 U.S. 143, 148-49 (1972); *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Thus, in order to state a claim for false arrest, plaintiff must plausibly allege that the officers did not have probable cause to arrest her.

The exhibits that plaintiff has attached to her complaint do not support her claim.[6] In fact, a review of the documents attached to the complaint establish that the

---

[5] Plaintiff makes no claims that could be interpreted as claims against the City of Syracuse for municipal liability which would require that plaintiff allege a policy or custom of constitutional violations. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

[6] One of the plaintiff's exhibits borders on frivolous. (Dkt. No. 1-2 at 1-4). The document apparently relates to plaintiff's "claim" regarding "easements." The exhibit consists of a "UCC [Uniform Commercial Code] Financing Statement," filed and recorded by the "Blood of Jesus Ministries," with the "People of the State of New York" listed as "Debtor." (*Id.*) The "First Secured Party" is listed as "Non Adverse Non Beligerent [sic] Non Combatant Abraham & Sarah Isis Israel Private Foundation." (Dkt. No. 1-2 at 1). Apparently, plaintiff had this financing statement filed by an acquaintance on her behalf and believes that this financing statement somehow relates to the instant complaint.

officers did have probable cause to arrest plaintiff. Most of the exhibits deal with plaintiff's criminal action. These documents include a "narrative," of the arrest, written by defendant Cazzolli, containing detailed information which was possessed by the officers days before plaintiff's arrest. (Dkt. No. 1-2 at 12-13). This information includes victim/witness statements and reference to a 911 call made by the plaintiff several days before her arrest, stating that she wished to "turn herself in" and confessing to certain criminal conduct.[7] (*Id.*) The arresting officers are listed as defendants Cazzolli, Irvine, and Picotte. Plaintiff has also attached the misdemeanor information and felony complaints associated with her criminal charges.[8] (Dkt. No. 1-2 at pp.14-19). To the extent that plaintiff alleges that she and her child were separated at the time of the arrest, the exhibits indicate that "[w]ith the permission of [plaintiff, the child] was transported to his [Aunt's residence.]" (Dkt. No. 1-2 at 13).

Even a brief review of the exhibits attached to plaintiff's complaint shows that the officers had probable cause to arrest the plaintiff on multiple charges on June 26, 2020, and plaintiff's allegations of false arrest which would not necessarily invalidate her conviction are frivolous, and the complaint may be dismissed in its entirety as against defendants Cazzolli, Irvine, and Picotte.

## VII. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court

---

[7] According to the narrative, the investigation into plaintiff's behavior was ongoing, at least since the June 20, 2020 911 call made by the plaintiff. (Dkt. No. 1-2 at 12).

[8] Several children were involved and gave statements. (Dkt. No. 1-2 at 12).

should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt by the plaintiff to amend the claims in this complaint would be futile and will recommend denying her the opportunity to amend.

### B.     Analysis

Clearly, plaintiff could propose no amendment which would allow her to sue either judge or her attorney in this action. Generally, with claims of false arrest that are not barred by *Heck*, plaintiff may be given the opportunity to amend if she does not state a claim in her initial pleading.[9] However, the facts contained in plaintiff's exhibits show that any attempt to amend her complaint to allege false arrest would be futile.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP is **GRANTED for purposes of filing only**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to **28 U.S.C. § 1915(e)(2)(B)(i)-(iii)**, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

---

[9] In addition, claims that would be currently barred by *Heck* would be dismissed without prejudice to repleading if plaintiff's conviction is later overturned. This court found above that plaintiff's false arrest claims would not be barred by *Heck*, inter alia, because there was nothing obtained during plaintiff's arrest which contributed to plaintiff's conviction, and such claims of false arrest are not barred by *Heck. Glaskow v. Beary*, *supra*.

fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72

Dated: February 9, 2022

Andrew T. Baxter
U.S. Magistrate Judge